```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA


JASON D. BETZ,                   )
                                 )        Civil Action No. 05 - 1439
            Plaintiff,           )
                                 )        Judge Thomas M. Hardiman
       v.                        )        Magistrate Judge Lenihan
                                 )
WARDEN CAROL WILSON,             )
                                 )
            Defendant.           )
                                 )
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that the Complaint in the above-captioned case be dismissed due to Plaintiff's failure to prosecute this action.

II. REPORT

Plaintiff, Brain J. Barr, an inmate at the Indiana County Jail, commenced this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Named as the sole Defendant is Warden Carol Wilson. For the reasons set forth below, this action should be dismissed due to Plaintiff's failure to prosecute his claims.

A. Relevant Procedural History

On October 25, 2005, this Court granted Plaintiff's Motion to Proceed In Forma Pauperis (doc. no. 2). The Complaint was filed and served and on June 12, 2006, Defendant Carol Wilson filed a Motion to Dismiss the Complaint (doc. no. 10) and a Brief in Support thereof (doc. no. 11). On October 11, 2006, this Court entered an Order (doc. no. 12) directing Plaintiff to file a response to the motion to dismiss no later than November 1, 2006.

The Order further notified Plaintiff that his failure to respond would result in a report to the District Judge recommending dismissal of his Complaint for failure to prosecute. To date, Plaintiff has failed to respond to this Court's Orders and has failed to do anything to actively prosecute his action.

### B. Plaintiff's Failure to Prosecute

A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1) the extent of the party's personal responsibility;

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) the meritoriousness of the claim or defense.

Although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action

with prejudice.  Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld).  Under these directives, this Court will analyze the present action to determine whether it should grant the Defendant's motion to dismiss based on the Plaintiff's failure to prosecute.

Plaintiff is proceeding pro se in this action.  Thus, all actions must be attributable to him as he has no counsel upon which he is relying to proceed to prosecute his case. Accordingly, under the first factor, it appears that Plaintiff  personally is responsible for the failure to respond to this Court's orders. With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's Orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to the Defendant other than general delay.  With respect to the third factor, Plaintiff has failed to respond to the Court's orders. Plaintiff has not filed any response to date; nor has he filed any motion for an extension of time.  Thus, he has shown dilatoriness in proceeding with his action.  With respect to the fourth factor, this Court cannot determine whether the conduct of the Plaintiff was willful or in bad faith.  The fifth factor to consider is the effectiveness of sanctions other than dismissal.  Because Plaintiff

3

is proceeding in forma pauperis, it does not appear that monetary sanctions are appropriate. Finally, it does not appear from the allegations that Plaintiff has any likelihood of success on the merits.

III.     CONCLUSION

The analysis of the six factors as applied to the facts before this Court reveals that the Complaint in this action should be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE

Dated:    December 14, 2006

cc:       The Honorable Thomas M. Hardiman
          United States District Judge

          Jason D. Betz
          FB-4105
          SCI Retreat
          660 State Route 11
          Hunlock Creek, PA 18621

          Marie Milie Jones
          Michael R. Lettrich

       Meyer, Darragh, Buckler, Bebenek & Eck
       600 Grant Street
       US Steel Tower, Suite 4850
       Pittsburgh, PA 15219